IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHIA A. GUNN,

        Plaintiff,

   v.                        CASE NO. 14-3014-SAC

WYANDOTTE COUNTY ADULT
DETENTION CENTER, et al.,

        Defendants.

## MEMORANDUM AND ORDER

This pro se civil rights complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Wyandotte County Detention Center (WCDC). Plaintiff claims that guards at the WCDC are negligent and harass inmates and that Administrator Jeffrey has not resolved his grievances on the matter. He seeks release on parole as well as damages. Having examined the materials filed, the court assesses an initial partial filing fee and requires plaintiff to show cause why his complaint should not be dismissed for failure to allege facts sufficient to state a federal constitutional claim.

## FILING FEE

The fees for filing a civil rights complaint in federal court total $400.00 and consist of the statutory fee of $350.00 plus an administrative fee of $50.00; or for one that is granted leave to proceed in forma pauperis, the fee is $350.00. Plaintiff seeks leave

to proceed without prepayment of fees (Doc. 2) and has submitted the requisite affidavit and financial records in support of his motion. He is reminded that being granted such leave does not relieve him of the obligation to pay the filing fee in full. Instead, it merely entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account.[1]

Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of the civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit during the relevant time period has been $ 37.34, and the average monthly balance has been $ 0.00. The court therefore assesses an initial partial filing fee of $ 7.00, twenty percent of the average monthly deposit rounded to the lower half dollar. Plaintiff is given time to submit this partial fee to the court. His failure to comply may result in dismissal of this action without further notice.

**ALLEGATIONS AND CLAIMS**

Plaintiff names as defendants Wyandotte County, also referred

---

[1] Pursuant to § 1915(b)(2), the Finance Office of the facility where plaintiff is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's institution account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

to as the Wyandotte County Adult Detention Center (WCDC), and Jeffrey Fewell, Administrator, WCDC. As the factual background for this complaint, Mr. Gunn alleges as follows. On five dates in November 2013, he wrote grievances telling defendant Fewell "about how the guards harass the inmates" and treat them badly in B3, but Fewell has not resolved the situation. On November 29, 2013, "a guy hung himself because the guards wouldn't answer the intercom or call Mental Health down to talk to him," and had "they" paid him more attention he would be alive. "They" never answer the intercom when "we press the button." An officer called another inmate a "bitch" because he wasted milk, and told plaintiff he was not suicidal because he was conversing with inmates and should be put in an asylum and straitjacket for life. He claims negligence and harassment.

Plaintiff believes he is entitled to the following relief: (1) the dropping of his charge from a level 3 to 4, (2) compensation for negligence and harassment, (3) parole and (4) counseling.

**SCREENING**

Because Mr. Gunn is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation

3

of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake,* 469 F.3d 910, 913 (10th Cir. 2006). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New*

4

*Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**DISCUSSION**

The court finds that the complaint is deficient in several ways. First, plaintiff does not allege sufficient facts to indicate liability on the part of either named defendant. He fails to allege facts showing liability on the part of Wyandotte County[2] because he does not describe a policy that was promulgated by county officials and allege facts showing that this policy resulted in the conditions of which he complains. Nor does he allege sufficient facts to establish the liability of the only other named defendant, Jail Administrator Fewell. Plaintiff alleges no facts showing that defendant Fewell personally participated in the alleged failure to respond to intercom calls or other alleged negligence or verbal harassment. It is well-settled that defendant Fewell may not be held liable solely on the basis of his supervisory capacity. Nor may a supervisor be held liable for upholding the prior acts of other jail employees in ruling upon grievances. In short, plaintiff fails to allege a basis for relief against either of the named defendants.

Secondly, the general statements made by plaintiff do not amount to adequate facts showing a federal constitutional violation. Mr. Gunn very generally complains that unnamed guards have failed to answer intercom calls, and that it could be an emergency call. He

---

2   The Wyandotte County Detention Center is a facility, and not a "person" suable under § 1983.

5

does not allege that on a particular date he personally made an intercom call that was an emergency, which was not answered by the person responsible for answering his call. Nor does he describe any harm that resulted to him. He may not sue for damages based upon harm that occurred to another inmate rather than him. Allegations of verbal harassment, while reflective of unprofessional conduct on the part of a jail employee, even if true do not amount to a federal constitutional violation. Mr. Gunn's allegations of "us" being "locked down" for talking too loudly, asking to go to their room ten minutes before the hour, or for picking up paper off the top floor do not include crucial facts, such as dates and conditions under which plaintiff was locked down. Plaintiff was aptly advised during the administrative grievance process that in order to obtain relief he must allege facts rather than simply make conclusory statements. The same is true in a civil rights complaint.

Next, the court finds that plaintiff does not show his entitlement to the relief he requests. His requests for his charge to be dropped and for parole are matters seeking speedier release, which may only be raised by petition for writ of habeas corpus. Claims for such relief may not be litigated in a civil rights complaint. Plaintiff's claim for counseling is not supported by any facts whatsoever, such as that he requested counseling or was diagnosed as in need of counseling but has been denied prescribed or necessary treatment.

6

Finally, the court finds that plaintiff's claim for damages is not supported by facts showing that he suffered a physical injury. As a consequence, it appears that his damages claim is barred under 42 U.S.C. § 1997e(e), which provides: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id.*

For the foregoing reasons, the court concludes that the complaint fails to allege sufficient facts to state a federal constitutional claim and fails to state a claim on which relief may be granted. Plaintiff is given time to show cause why his complaint should not be dismissed for the reasons stated herein. If he fails to show good cause within the prescribed time, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 7.00. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty-day period, plaintiff is required to show cause why this action should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

Dated this 11th day of February, 2014, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge